SO ORDERED.

SIGNED this 17th day of September, 2013.



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

___

For on-line use, but not print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br>TYRA LEE ZIMMERMAN, <br><br>   DEBTOR. | CASE NO. 12-22461 <br> CHAPTER 7 |
| WILLIAM J. JACOB, <br><br>   PLAINTIFF, <br><br>v. <br><br>TYRA LEE ZIMMERMAN, <br><br>   DEFENDANT. | ADV. NO. 12-06135 |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS AND
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This is an action objecting to Debtor's discharge of damages allegedly suffered by plaintiff William J. Jacob (Jacob) arising from Debtor's sale to him of a residential lot in Kansas City, Missouri. The matters under advisement are the Debtor's motion to dismiss[1] and the Plaintiff's motion for summary judgment.[2] The Plaintiff appears pro se, and Debtor appears by Victor F. Weber. The Court has jurisdiction.[3]

**THE COMPLAINT.**

The Complaint alleges that Jacob's claim against Debtor, arising from allegedly fraudulent misrepresentations and concealments made by Debtor concerning the condition of a lot purchased by Jacob from Debtor in December, 2009, is nondischargeable under 11 U.S.C. §§ 523 (a)(2), (a)(4), and (a)(6).[4] The factual details of the alleged fraud are included by incorporation of an attached copy of a verified complaint filed in the Circuit Court of Jackson County, Missouri on December 30, 2011 (the "Lawsuit"). The Lawsuit

---

[1] Dkt. 17.

[2] Dkt. 20.

[3] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

[4] Although Jacob's pleading is titled "Complaint for Determination of Dischargeability and Objection to Debtor's Discharge Pursuant to Sections 523 and 727 of the Bankruptcy Code and Motion to Modify Stay," it alleges three counts, one under each of the above referenced subsections of 11 U.S.C. § 523. It includes no count and no allegations relating to denial of discharge under 11 U.S.C. § 727 or relief from stay under 11 U.S.C. § 362. The Court therefore construes the Complaint as seeking only a ruling of exception of claim from discharge.

was removed to the United States District Court for the Western District of Missouri. The pleadings filed in this Court relating to the motion to dismiss and the motion for summary judgment advise that cross motions for summary judgment are pending in the Lawsuit.

Highly summarized, the allegations relating to fraud are as follows. Before Jacob purchased the lot, in response to a request for all information about the viability of building a house on the lot, Debtor provided a geotechnical report prepared by Alpha Omega in 2004, which concluded that the lot was suitable for building a house and recommended construction of geo-gird footing. No further disclosures relating to the subsurface conditions or the build-ability of the lot were disclosed. After the sale, Jacob discovered a demand letter, dated October 23, 2003, in which Debtor and her husband, through their attorney, referred to their acquisition of a prior geotechnical report, in conjunction with their plans to build on the lot, that confirmed that "this lot is over an area that has been undermined," and concluded that the lot was unbuildable. Jacob also alleges that after the sale he discovered that during an attempt to pour a pier on the lot, Debtor's contractor had encountered a void or fissure that they were unable to fill.

Jacob alleges that Debtor's representations regarding the build-ability of the lot were false and incomplete, that she knew they were false, that they were material, the Debtor intended Jacob to act upon the misrepresentation, that Jacob was unaware of the falsity of the representation, that he had a right to rely upon the representation, and that he has been injured as a result. Based upon the same factual allegations, the Lawsuit also alleges counts for negligent misrepresentation, fraudulent concealment, unjust

3

enrichment, breach of the covenant of good faith and fair dealing, and violation of Mo. Rev. Stat. § 407.025.

**THE MOTION TO DISMISS IS GRANTED IN PART.**

    **A. Basis for motion.**

Debtor moves to dismiss under Federal Rule of Civil Procedure 12, which applies to this adversary proceeding under Federal Rule of Bankruptcy Procedure 7012. Debtor argues that the Complaint fails to state a claim upon which relief can be granted and violates Federal Rule 9 (b), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7009, because fraud has not been plead with particularity.

    **B. The Complaint does not state a claim under 11 U.S.C. § 727.**

The first matter addressed by Debtor's motion to dismiss is the argument that the Complaint states no basis for denial of discharge under § 727(a)(3). The Court agrees. As stated in footnote 4 above, the Court regards the Complaint as alleging only claims under § 523.

    **C. The motion to dismiss the 11 U.S.C. § 523(a)(2) claim in Count I is denied.**

As to the objection to discharge under § 523(a)(2), Debtor argues that the required elements are not present based upon Debtor's interpretation of the circumstances surrounding the sale and her view of the factual allegations made in the Lawsuit. For example, she argues that failure to reveal the October 2003 letter "could not possibly be construed as a false statement of fact because *she told Jacob she had concerns about the*

4

*Lot* prior to the 2004 Alpha Omega report."[5] She further argues that even if the nondisclosure could be construed as a false statement, Jacob's reliance "could hardly be characterized as either reasonable or justifiable because the debtor told him she had concerns about the Lot, and according to the Complaint *he never asked what those concerns were*."[6]

The question when ruling on a motion to dismiss "under Rule 12(b)(6) is whether in the light most favorable to the plaintiff, and with every doubt resolved in the pleader's behalf, the complaint states any legally cognizable claim for relief."[7] "Whether the plaintiff ultimately can prevail on the merits is a matter properly determined on the basis of proof, which means on a summary judgment motion or at trial by the judge or a jury, and not merely on the face of the pleadings."[8] Debtor's arguments that Jacob has not properly alleged fraud are in essence arguments based upon her belief that Jacob cannot prevail on the merits. They are arguments for determination by the trier of fact in the Lawsuit and do not provide a basis to dismiss the Complaint under Rule 12(b)(6) as to the allegation that discharge should be denied under 523(a)(2). The Complaint, when construed as incorporating by reference the allegations of the Lawsuit and in a light most

---

[5] Dkt. 17, 7.

[6] *Id*.

[7] 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1357 at 640, 668, 671 (3d ed. 2004).

[8] *Id*. at 685, 690.

5

favorable to Jacob, alleges the elements necessary for exception of discharge under § 523(a)(2).

Likewise the details of the allegations of fraud are alleged in sufficient detail to fulfill the purpose of Rule 9(b) "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ."[9] As required, the allegations must give Debtor notice of the time, place, content of the false representations, the identity of the party making the false statements, and the consequences.[10]

**D. The motion to dismiss the 11 U.S.C. § 523(a)(4) claim in Count II is granted.**

Section 523(a)(4) provides for denial of discharge as to any claim for fraud or defalcation while acting in a fiduciary capacity. For purposes of the exception, the existence of a fiduciary relationship is determined under federal law, which requires a technical or express trust.[11] The allegations of the Complaint allege a breach of trust under Missouri law, but no breach of an express or technical trust as required for the exception to discharge.

---

[9] *Koch v. Koch Industries, Inc.*, 203 F.3d 1203, 1237 (10th Cir. 2000), quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).

[10] *Id.*, at 1237, citing *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991).

[11] *Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996).

6

**E. The motion to dismiss the 11 U.S.C. § 523(a)(6) claim in Count III is granted.**

Section 523(a)(6) excepts from discharge claims for debtor's willful and malicious injury to another entity or the property of another entity. As explained by the Supreme Court, this language means "that the actor intend the 'consequences of an act', not simply 'the act itself'."[12] For a debt to become nondischargeable under § 523(a)(6), "the debtor must desire to cause the consequences of his act or believe that the consequences are substantially certain to result from it."[13] The allegations of the Lawsuit, which are incorporated into the Complaint, allege injury from fraud, negligent misrepresentation, fraudulent concealment, unjust enrichment, and breach of the covenant of good faith and fair dealing. There is no allegation in the Lawsuit that the Debtor intended to cause injury to plaintiff or believed that her conduct was substantially certain to cause such injury.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT IS DENIED.**

Plaintiff moves for summary judgment based upon the argument that because, in his view, the complaint in the Lawsuit alleges debts which are nondischargeable under the Bankruptcy Code, any judgment rendered in the future in the Lawsuit will be nondischargeable. This reflects a fundamental misconception of the basis for exceptions to discharge. First, no judgment has been entered in the Lawsuit, and, until there is a

---

[12] *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998), quoting Restatement (Second) of Torts 88A, cmt. a, (1964).

[13] *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004), *quoting Mitsubishi Motors Credit of Amer. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir. BAP 1999).

7

judgment in the Lawsuit or in this Court, there is no basis for a finding of nondischargeabilty.  Second, assuming a judgment in Plaintiff's favor in the Lawsuit, because nondischargeability is a matter of federal law, Plaintiff would be required to establish in litigation in this Court that the judgment is entitled to collateral estoppel effect.[14]  The motion for summary judgment is denied.

**THE COURT WILL NOT CONSIDER GRANTING RELIEF FROM STAY.**

The Complaint, in addition to alleging exceptions to discharge, also requests relief from stay to pursue the Lawsuit against Debtor.  The Court will not consider the request.  A request for relief from stay under § 362(d) is presented by motion,[15] not an adversary proceeding,[16] and is considered a contested matter.[17]  Absent proper and successful presentation of a motion for relief form stay, the stay remains in place and bars proceeding against Debtor in the Lawsuit.

**CONCLUSION.**

For the foregoing reasons, Debtor's motion to dismiss is denied as to Count I and granted as to Counts II and III of the Complaint.  The Plaintiff's motion for summary judgment is denied.  The foregoing constitute Findings of Fact and Conclusions of Law

---

[14] *E.g., Jenkins v. IBD, Inc.*, 489 B.R. 587, 598-603 (D. Kan. 2013)*; In re Neuschafer*, 2012 WL 1616384 (Bankr. D. Kan. 2012); *In re Corey*, 394 B.R. 519, 526-530 (10th Cir. BAP 2008).

[15] Fed. R. Bankr. P. 9013.

[16] *See* Fed. R. Bankr. P. 7001.

[17] Fed. R. Bank. P. 9014.

under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding.

**IT IS SO ORDERED.**

###

9